UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICHARD J. REYNOLDS, <br>    *Plaintiff*, <br><br> *vs.* <br><br> MICHAEL J. ASTRUE, *Commissioner of the Social Security Administration*, <br>    *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 2:09-cv-302-JMS-WGH |

**<u>ORDER</u>**

In October 2010, this Court issued an order entering final judgment in favor of Richard A. Reynolds and against the Commissioner, vacating the underlying decision denying Mr. Reynolds social security benefits and remanding this matter for further proceedings. [Dkt. 30.] Nearly two years later, in August 2012, Mr. Reynolds filed a motion to seal the Court's order, informing the Court that its decision has been made publicly available on the Internet and that he has suffered emotional harm as a result of the contents of the decision, which disclose portions of his medical history. [Dkt. 35 at 1.] Mr. Reynolds asks the Court to seal its previous order to avoid further harm to his reputation and emotional health. [*Id.*]

The Commissioner objects to Mr. Reynolds' request for the Court to seal its order. [Dkt. 36.] In support of its position, the Commissioner cites the public's interest to access judicial decisions and contends that there is nothing about Mr. Reynolds' case that justifies sealing the Court's order. [*Id.*]

"It is beyond dispute that most documents filed in court are presumptively open to the public; members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). In fact, the United States Supreme Court has recognized that

this right to access is protected by the First Amendment of the United States Constitution.  *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk County*, 457 U.S. 596, 603-06 (1982); *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").  Although this principle originated from a need to ensure access to criminal cases, it has been expanded to civil proceedings.  *Smith v. U.S. Dist. Ct. for S. Dist. of Ill.*, 956 F.2d 647, 650 (7th Cir. 1992).  It is well-settled that this right of access relates to the public's right to monitor the functioning of the courts, thereby insuring quality, honesty, and respect for the legal system.  *Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).  As the Seventh Circuit has recognized, the legislature and students of the legal system "are entitled to know what the heavy financial subsidy of litigation is producing."  *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002).

Federal Rule of Civil Procedure 5.2(c) limits remote electronic access to filings in a social security action to the parties and their attorneys.  Rule 5.2(c)(2)(B) expressly provides, however, that any other person may have remote electronic access to "an opinion, order, judgment, or other disposition of the court."  The Advisory Committee comments to Rule 5.2 caution parties that they must "remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet."  It further advises counsel to "notify clients of this fact so that any informed decisions may be made on what information is to be included in a document filed with the court."  As a general matter, courts do not redact the names of Social Security appellants or seal orders detailing their medical conditions and ruling on their appeals.  *See Spiva v. Astrue*, 628 F.3d 346 (7th Cir. 2010) (providing detailed history of appellant's mental illness before reversing decision of district court).

Mr. Reynolds has not directed the court to any rule, statute, or order requiring the Court to seal it decision in this case.  Instead, as detailed above, the public has an independent right of access to the Court's decision, and sealing it without just cause would impermissibly impair that right.  While the Court understands Mr. Reynolds' desire to keep certain personal information out of the public forum, he initiated the appeal challenging the administrative decision to deny him Social Security benefits for his medical conditions and he ultimately prevailed.  In fact, the Court took the rare step of recommending that Mr. Reynolds' claim be expedited on remand since it had been pending for so long and the Court felt he had a significant chance of recovery. [Dkt. 29 at 11.]  Although the Court must deny Mr. Reynolds' motion to seal its opinion in his case, [dkt. 35], the Court emphasizes that remote access to his administrative and medical records has always been barred under Rule 5.2(c).

10/10/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Joseph W. Shull
jshull@joeshull.com

Mary Lou Reynolds
mreynoldslaw@aol.com

Jean C. Owen
LAW OFFICE OF JEAN C. OWEN
jeano@ssdla.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov